

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/21/2017

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 16-33427 |
| **COMPANION DX REFERENCE LAB, LLC,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

### ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND CONFIRMING PLAN OF LIQUIDATION (PROPOSED JOINTLY BY COMPANION DX REFERENCE LAB, LLC AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS)
(Relates to Doc. # 257, 265, 266)

CAME ON FOR CONSIDERATION the *Combined Disclosure Statement and Plan of Liquidation (Proposed Jointly by Companion DX Reference Lab, LLC and the Official Committee of Unsecured Creditors)* [Doc. #257, #265] (as amended, the " Joint Plan") of Companion DX Reference Lab, LLC ("Debtor") debtor in the above-referenced chapter 11 case, as amended pursuant to the *Non-Material Modifications To the Combined Disclosure Statement and Plan of Liquidation Pursuant To Section Xiii, At Page 48 of the Plan Packet* [Doc. #266] (the "Amendment") and the clarification reflected in the filing made by the Committee on February 13, 2017 regarding the treatment of Subclass 2B Claim. The Debtor and the Official Committee of Unsecured Creditors (the "Committee"), by and through their respective counsel of record, appeared and participated at the hearing on the Joint Plan (the "Hearing"). At the Hearing, the Court considered the Joint Plan, the evidence presented, and the arguments of counsel thereon.

After considering the evidence presented, the Court is of the opinion and finds:

## JURISDICTION

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Confirmation of the Joint Plan is a "core proceedings" pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has jurisdiction to enter a Final Order confirming the Joint Plan.

## ADEQUATE NOTICE

2.      The (i) Joint Plan, (ii) the ballots, (iii) the Order Conditionally Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejection of Plan, Combined with Notice Thereof, and (iv) Notice of (1) Hearing on Confirmation of Plan (2) Certain Deadlines for Balloting and Filing Objections, to Confirmation, (3) Hearing on Confirmation of Plan [Doc. #265] were mailed to all creditors, equity holders and parties in interest by United States first class mail, postage prepaid, on January 17, 2017.

## CONFIRMATION STANDARDS

3.      The Joint Plan complies with the applicable provisions of the Bankruptcy Code.

4.      The Debtor and the Committee, as the proponents of the Joint Plan, have complied with the applicable provisions of the Bankruptcy Code; provided, however, that within thirty (30) days of the Effective Date of the Joint Plan, the Debtor shall have filed the following payroll tax returns as required by 26 U.S.C. §§ 6041A, 6051 and 11 U.S.C. § 1106(a)(6): (a) Form 941 (WT-FICA) Employers Quarterly Federal Tax Return for tax periods 09/30/2011 and tax period 12/31/2011, and (b) Form 940 (FUTA) Employer's Annual Federal Unemployment Tax Return for tax periods 12/31/2011 and 12/31/2015.

5.      The Joint Plan has been proposed in good faith and not by any means forbidden by law.

6. Any payment made or promised by the Debtor or by a person issuing securities or acquiring property under the Joint Plan, for services or for costs and expenses in, or in connection with the case, or in connection with the Joint Plan and incident to the case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Joint Plan is reasonable, or if such payment is to be fixed after confirmation of the Joint Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable.

7. The Debtor and Committee have disclosed the identity and affiliations of the person proposed to serve, after confirmation of the Joint Plan, as the Liquidating Trustee and the nature of his compensation and the members of the Trust Advisory Board established under the Liquidating Trust. The appointment to, or continuance in, such position of such individuals, is consistent with the interests of creditors and equity security holders and with public policy.

8. The requirement for confirmation imposed by 11 U.S.C. § 1129(a)(6) is inapplicable to the Joint Plan.

9. With respect to each class of impaired claims, either each holder of a claim or interest of such class has accepted the Joint Plan, or will receive or retain under the Joint Plan on account of such claim or interest property of a value, as of the Effective Date of the Joint Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated on such date under Chapter 7 of the Bankruptcy Code.

10. Pursuant to the Ballot Summary filed by in connection with the Joint Plan, each class of claims or interests has accepted the Joint Plan.

11. The Joint Plan provides that each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code will be paid in full on the Effective Date of the Joint Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim

and the Debtor. Allowed Administrative Expense Claims will be paid on the later of the Effective Date or the date such claim becomes an Allowed Administrative Claim by Final Order, except that:

(i) All holders of Administrative Expense Claims other than Professionals shall file an application for the allowance of an Administrative Expense Claim with the Bankruptcy Court on or before thirty (30) days following the Effective Date. Holders of Administrative Expense Claims, including such Persons asserting a Claim under § 503(b)(9) of the Bankruptcy Code, who do not file a request by such deadline shall be forever barred from asserting such Claims against the Debtor or its property and assets (whether cash or otherwise).

(ii) In addition to all of the foregoing, a request for payment made by an entity seeking an award of compensation for services rendered or reimbursement of expenses incurred under 11 U.S.C. §§ 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) shall be in the form of an application, filed on or before thirty (30) days following the Effective Date, and shall comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules governing applications for compensation and reimbursement.

(iii) Administrative Claims filed on a Proof of Claim Form will not constitute a properly filed request for payment of an Administrative Claim and shall be deemed disallowed upon the Effective Date of the Joint Plan without prejudice to such party submitting an application in accordance with this paragraph. An Administrative Claim that is not evidenced by a request for payment that is properly and timely filed and served shall be forever barred and discharged.

(iv) Except as provided herein, all Professionals shall file a final application for the allowance of a Fee Claim on or before thirty (30) days following the Effective Date. Such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules, and the Fee Procedures Order. The Professional Fee Claims shall receive the treatment described in the Joint Plan.

(v) Each holder of an Allowed Priority Tax Claim shall be paid in full, in Cash, as soon as practicable following the later of (a) the Effective Date, (b) the date on which such Claim becomes an Allowed Claim, and (c) such other date as agreed by such holder, which Claim may be paid through deferred cash payments as set forth in the Joint Plan. The Debtor shall have thirty (30) days from the Effective Date to file with the United States Internal Revenue Service ("IRS") its Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for tax years 2015 and 2016. The IRS shall have sixty (60) days from the last day the IRS receives either of these tax returns to amend its proof of claim. The Debtor shall thereafter have thirty (30) days to object to any amended IRS claim.

12. The Joint plan is a plan of liquidation and confirmation of the Joint Plan is not likely to be followed by further liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Joint Plan.

13. The Joint Plan is feasible. The Joint Plan is workable and has a reasonable likelihood of success.

14. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the Confirmation Hearing have been paid or the Joint Plan provides for the payment of all such fees on or immediately after the Effective Date of the Joint Plan.

15. 11 U.S.C. § 1129(a)(13), (14) & (15) are inapplicable to the Debtor.

16. All transfers of property of the Joint Plan will be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation.

## GENERAL FINDINGS

17. The Joint Plan complies with the standards of 11 U.S.C. §§ 1122, 1123, and 1129.

18. The Joint Plan should in all things be confirmed.

19. The foregoing findings and conclusions satisfy the requirements of Federal Rule of Bankruptcy Procedure 7052. All offers of proof and discussions for the record at the Hearing shall constitute additional findings and conclusions with respect to this Order.

Accordingly, it is ORDERED THAT:

## DISCLOSURE STATEMENT

20. The disclosure contained within the Joint Plan (the "Disclosure Statement") contains adequate information and otherwise complies with § 1125 of the Bankruptcy Code. Accordingly, the Disclosure Statement is hereby approved on a final basis.

## SECTION 1129 CRITERIA & CONFIRMATION

21. The Joint Plan complies with the standards of 11 U.S.C. §§ 1122, 1123, and 1129. The Joint Plan, which is filed on the Court's docket at #257 as amended pursuant to the Amendment filed on as Doc. #266, should in all things be confirmed. The terms of this Order are controlling if any inconsistency exists between the Joint Plan and this Order.

22. The Joint Plan is confirmed pursuant to the provisions of Chapter 11 of the Bankruptcy Code, including 11 U.S.C. §§ 1128 and 1129.

23. All capitalized terms used herein are deemed to have the meanings set out in the Joint Plan.

## VESTING OF PROPERTY IN THE LIQUIDATING TRUST

24. Robert Ogle shall serve as the Liquidating Trustee, until death, resignation or discharge or the appointment of a successor Liquidating Trustee in accordance with the Joint Plan, at which point such successor Liquidating Trustee shall be the Liquidating Trustee. The Liquidating Trustee shall be deemed to possess the same powers and duties as would a Chapter 11 Trustee consistent with Section 1123(b)(3)(B) of the Bankruptcy Code. In the exercise of his authority on behalf of the Liquidating Trust, the Liquidating Trustee will have certain responsibilities and powers, as set out in detail in the Joint Plan, which are subject to consultation with the Trust Advisory Board, as set forth therein.

25. On the Effective Date, the Liquidating Trust Assets, which shall include any unadministered property of the Bankruptcy Estate of any kind and nature whatsoever, real, personal, intellectual or otherwise, including causes of action, and all proceeds thereof, shall vest in the CompanionDX Liquidating Trust, free and clear of all liens, claims and encumbrances, except as otherwise provided in the Joint Plan.

26. On the Effective Date, the Debtor is deemed to have satisfied all liabilities for purposes of dissolution under applicable state law. The Liquidating Trustee is authorized to execute and file all documents necessary to effectuate the dissolution of the Debtor.

27. The Liquidating Trustee is authorized and directed to make such distributions as provided in the Joint Plan. Once the Liquidating Trustee has paid all Allowed Administrative

Claims, Allowed Priority and non-Priority Tax Claims, and Allowed Secured Claims pursuant to the terms of the Joint Plan and satisfied all costs of administering the Liquidating Trust as set forth therein, all remaining funds in the Liquidating Trust shall be paid to the Beneficiaries of the Liquidating Trust in accordance with their priority and percentage interests in the Liquidating Trust.

## TRANSFER OF RESIDUAL ESTATE TO LIQUIDATING TRUST

28. On the Effective Date the Liquidating Trust Assets, which shall include any unadministered property of the Bankruptcy Estate of any kind and nature whatsoever, real, personal, intellectual or otherwise, including causes of action, and all proceeds thereof, all other remaining property of the Estate as defined in § 541 of the Bankruptcy Code, to the extent not provided otherwise in the Joint Plan, shall vest in the CompanionDX Liquidating Trust, free and clear of all liens, claims and encumbrances, except as otherwise provided in the Joint Plan.

29. The Liquidating Trustee is authorized to execute and file all documents necessary to effectuate the transfer of the Liquidating Trust Assets to the CompanionDX Liquidating Trust.

## ASSIGNMENT AND PROSECUTION OF CAUSES OF ACTION

30. Pursuant to and in accordance with §§ 105(a), 1123(b)(3), and 1141(b) of the Bankruptcy Code, upon the entry of the Confirmation Order, all Retained Claims, including Chapter 5 Causes of Action brought under §§ 542, 544, 547, 548, 550, 551 and 553, shall be, and hereby are reserved, retained, and vested in the Liquidating Trust for the benefit of the Beneficiaries of the Liquidating Trust pursuant to the terms of the Joint Plan. All Retained Claims shall survive and continue Post-Confirmation, free and clear of all liens, claims, interests, encumbrances, defenses of res judicata, waiver, laches and estoppel, for investigation, prosecution, enforcement, settlement, abandonment, adjustment, or collection by the Liquidating

Trustee. The Liquidating Trustee shall be authorized and have standing to pursue the Retained Claims on behalf of, and in the name of, the Liquidating Trust. Further, the Liquidating Trustee shall have standing to object to any Claims. Notwithstanding anything in this Order to the contrary, the rights of any Defendant to any claim may assert "non-disclosure" type defenses to any claim that was not properly disclosed and the Trust may defend against such assertions. The Court will consider such defenses in light of applicable Fifth Circuit law.

31. The Liquidating Trustee shall have the right to file and prosecute any Claims and Retained Claims on behalf of the Liquidating Trust, including all derivative Retained Claims. The Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all Claims and Retained Claims filed or asserted as set forth in the Joint Plan.

## **MISCELLANEOUS DECRETALS**

32. The Debtor's obligation of filing monthly financial reports with the United States Trustee shall pass to and become the obligation of the Liquidating Trustee as applicable and such obligation shall continue following Confirmation until the obligation to pay the United States Trustee's fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) ends, except such monthly reports will be filed quarterly. The Liquidating Trustee shall prepare, sign, and file all Post-Confirmation reports and shall pay any U.S. Trustee fees due and owing from the funds of the Plan Reserve. Copies of such reports shall be served on the United States Trustee and on any Claimant requesting continued service of same.

33. Unless otherwise provided herein or otherwise ordered by the court, all injunctions or stays set forth in §§ 105 or 362 of the Bankruptcy Code (11 U.S.C. §§ 105 and 362) shall remain in full force and effect until the Effective Date rather than the Confirmation Date.

34. The Debtor, the Liquidating Trustee and the Trust Advisory Board are authorized to execute such documents and take such other action as is necessary to effectuate the transactions provided for the Joint Plan.

35. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain, after the Effective Date, jurisdiction of all matters arising out of, arising in or related to, this chapter 11 case to the fullest extent permitted by applicable law.

36. So long as such amendments or modifications do not materially affect the interests of holders of Claims or Interests, the proponents of the Joint Plan may propose amendments or modifications to the Joint Plan after the entry of this Order, subject to, upon notice and hearing, the approval of the Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Joint Plan or in this Order, as may be necessary to carry out the purpose and intent of the Joint Plan.

37. The substantial consummation of the Joint Plan, within the meaning of § 1127 of the Bankruptcy Code, shall be, and hereby is, deemed to have occurred on the Effective Date.

38. Notwithstanding Article X of the Joint Plan, the Joint Plan shall become effective on the seventh (7th) day following entry of this order. The stay of effectiveness of this Confirmation Order is hereby abrogated pursuant to Bankruptcy Rule of Procedure 3020(e) and this Confirmation Order shall be fully effective upon entry on the docket.

39. The reversal or modification of this Order on appeal shall not affect the acts taken pursuant to the Joint Plan, the Joint Plan documents, or any other agreement, document, instrument or action authorized by this Order or under the Joint Plan as to the Debtor, or any

other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

40. To the extent appropriate, conclusions of law are deemed to be findings of fact and the findings of fact are deemed to be conclusions of law.

41. For the avoidance of doubt and notwithstanding anything else to the contrary in the Joint Plan or this Order, any and all defenses and/or affirmative defenses of XIFIN, Inc. with respect to any Retained Claims are expressly preserved.

Dated: 2-21-17 .

_____
UNITED STATES BANKRUPTCY JUDGE